UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re SHEILA M. ZULLO,<br><br>　　　　　　　　　　Debtor.<br><br>SHEILA M. ZULLO,<br><br>　　　　　　　　　　Appellant,<br><br>　　　　　v.<br><br>CATIC TITLE INSURANCE COMPANY,<br><br>　　　　　　　　　　Appellee. | Bankruptcy Action Nos.<br>18-1350 (KCF),<br>18-16176 (KCF)<br><br>**ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 19-8384 (MAS)<br><br>**MEMORANDUM ORDER** |

　　　This matter comes before the Court upon Appellee Catic Title Insurance's second Motion to Dismiss for Failure to Provide Complete Record. (ECF. No. 15.) On March 12, 2019 Appellant submitted a notice of appeal. (ECF No. 1.) On November 22, 2019, the Court granted Appellee's Motion to Dismiss for failure to comply with Bankruptcy Rule 8010 (ECF No. 4). (Mem. Order, ECF No. 11.) The Court dismissed Appellant's appeal without prejudice and permitted Appellant additional time to submit the relevant documents to complete the record. (Mem. Order 3.) On January 7, 2020, Appellant submitted a letter stating that "transcripts for the hearings" were attached. (ECF No. 12.) The Court then reopened the matter. (Feb. 25, 2020 Text Order, ECF No. 14.)

　　　On March 2, 2020, Appellee filed a second Motion to Dismiss for failure to provide a complete record. (Second Mot. Dismiss, ECF No. 15.) Appellee argues that Appellant once again failed to submit a complete record to the Court. (*Id.* at *1.)[1] Appellee asserts that Appellant did

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

not file a transcript of a hearing conducted on January 15, 2019 in action number 18-1350. (*Id.* ¶ 9.) Appellee argues that "[t]he basis for the Bankruptcy Court's rulings was set forth at length only in the oral opinion that it delivered in open court on January 15, 2019" and that "[w]ithout that transcript, this Court cannot conduct a meaningful appellate review of the Bankruptcy Court's rulings on the cross-motions for [s]ummary [j]udgment that underlie this appeal." (*Id.* ¶¶ 10–11.)

A party appealing a decision of a bankruptcy court must file a "designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a). The record on appeal must include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4); *see In re Newton*, No. 17-8377, 2019 WL 1254560, at *4 (D.N.J. Mar. 19, 2019) (citing *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006)) ("While the Rule does not require that the record on appeal include all transcripts of the proceedings below, its provisions make clear that those documents which include findings of fact or conclusions of law are deemed part of the record, including transcripts." (internal quotation marks omitted)); *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011) (quoting *In re Corio*, No. 07-5864, 2008 WL 4372781, at *6 (D.N.J. Sept. 22, 2008)) ("[Dismissal] is appropriate where the order being appealed from does not disclose the factual or legal basis of the bankruptcy judge's decision because the court may not 'conduct a meaningful review of the issue without reviewing the transcript . . . .'"), *aff'd*, 498 F. App'x 153 (3d Cir. 2012).

Where a transcript is relevant to the appeal, the appellant must, within fourteen days, "order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal" or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Fed. R. Bankr. P. 8009(b); *In re Newton*, 2019 WL 1254560, at *4 (quoting *In re Richardson Indus. Contractors*, 189 F. App'x 93, 95 n.2 (3d Cir. 2006)) ("If the record designated by any party includes a transcript of any proceeding . . .

2

the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." (alterations omitted)). Where an appellant neglects to order transcripts and only includes an order that "does not disclose the factual or legal basis of the [b]ankruptcy [j]udge's decision," dismissal is warranted for failure to provide the Court with an appropriate record to conduct an "informed, substantive appellate review." *In re Corio*, 2008 WL 4372781, at *6–7.

Here, the Court finds that Appellant has failed to provide a complete record for review. Upon review of the audio recording of the January 15, 2019 oral argument, (*see* Audio File, *Catic Title Ins. Co. v. Zullo*, No. 18-1350 (Bankr. D.N.J. Jan. 15, 2019), ECF No. 58), the Court finds this hearing contains the Bankruptcy Court's reasoning for denying Appellant's cross-motion for summary judgment. Appellant has failed to submit a transcript of the January 15, 2019 hearing. Because Appellant appeals the denial of her cross-motion for summary judgment, (*see* Order Being Appealed *1-2, ECF No. 1-1.), she must supply the transcript of the January 15, 2019 oral argument and decision for the Court to conduct an informed, substantive review.

Because Appellant fails to include the relevant transcripts that set forth the Bankruptcy Court's factual findings and legal conclusions, the record on appeal is incomplete under Federal Rule of Bankruptcy Procedure 8009. The Court dismisses the appeal pending Appellant's submission of a complete record. Accordingly,

**IT IS** on this 10th day of September 2020, **ORDERED** that:

1. Appellee's Motion to Dismiss (ECF No. 15) is **GRANTED**;

2. Appellant's appeal is **DISMISSED** without prejudice;

3. The Clerk is directed to close the case;

4. Appellant may order the relevant transcript and any other documents necessary to complete the record;

5. Upon Appellant's completion of the record, Appellant may file correspondence seeking to reopen the case, reinstate Appellant's Brief, and reset the briefing schedule, if necessary; and

6. By **November 30, 2020**, if Appellant has not completed the record, Appellant shall file correspondence updating the Court on the status of completing the record. If Appellant fails to timely complete the record or file correspondence, Appellant's Appeal shall be **DISMISSED** with prejudice.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

4